94–2208.  State v. Phillips.  *Summit County*, No. 16487.  UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that the motion be, and is hereby, granted.

IT IS FURTHER ORDERED by the court that, pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, a stay is granted for a period of six months, beginning May 31, 1996, and ending December 2, 1996, to allow appellant an opportunity to file a petition for post-conviction relief.  If a petition for post-conviction relief is not filed within the time allotted, this stay will expire.  No further time for the filing of the petition will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that, if a petition for post-conviction relief is filed within the time allotted, a date-stamped copy of the petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and is hereby, stayed for the six-month period allotted by this order and, if a petition for post-conviction relief is filed within the time allotted, pending the exhaustion of all proceedings for post-conviction relief before the courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

96–423.  State v. Biros.  *Trumbull County*, No. 91–T–4632.  This cause is pending before the court as an appeal from the Court of Appeals for Trumbull County.  Upon consideration of appellant's motion for stay of execution of death sentence scheduled for June 28, 1996,

IT IS ORDERED by the court that the motion for stay of execution of death sentence be, and hereby is, granted, pending final disposition of this appeal.

## DISCIPLINARY DOCKET

93–390.  Cincinnati Bar Assn. v. Warren.  This cause came on for further consideration upon the filing by respondent, Billie L. Warren, of an application for termination of probation.

The court comes now to consider its order of June 9, 1993, in which respondent was suspended from the practice of law for one year with the suspension stayed on the following conditions:  (1) respondent be placed on probation for two years and be required to meet regularly with a monitoring attorney assigned by relator, who will supervise respondent's office practices;  (2) during the probationary period, respondent take ten hours of continuing legal education courses on law office management in addition to the standard continuing legal education requirements;  (3) during the probationary period, respondent commit no further disciplinary violations;  and (4) respondent immediately dismiss her pending litigation against the Jacksons and submit to mandatory binding arbitration before the Fee Dispute Committee of the Cincinnati Bar Association.  The court finds that respondent has substantially complied with its June 9, 1993 order and with the provisions of Gov.Bar R. V(9).

THEREFORE, IT IS ORDERED by the court that the probation of Billie L. Warren, Attorney Registration No. 0030586, last known address in Cincinnati, Ohio, be, and hereby is, terminated.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Cincinnati Bar Assn. v. Warren* (1993), 66 Ohio St.3d 334, 612 N.E.2d 1223.

## MISCELLANEOUS DISMISSALS